IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  3:08cv796-CSC |
| ) | (WO) |
| MIKE MOODY and ) | |
| SIXFINGERYEAR.COM ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is presently before the court on the plaintiff's motion for a preliminary injunction, filed on September 29, 2008.  The court held a hearing on the plaintiff's motion on October 23, 2008.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.[1]  The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 2201 and 2202.  Upon consideration of the evidence before the court and the arguments of counsel, the court concludes that the plaintiff's motion for preliminary injunction is due to be granted.

A party requesting preliminary injunctive relief must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury during the

---

[1] At the hearing on the motion for a preliminary injunction, Moody testified that he "was sixfingeryear.com" and that he alone was responsible for the creation and maintenance of the website.
    The United States Magistrate Judge also explained to Moody that this case was assigned to a Magistrate Judge and he had the right to consent or request reassignment.  *See* Attached Explanation.  By submitting the requisite form, the parties have consented to a Magistrate Judge's jurisdiction.  *See* 28 U.S.C. § 636(c).

pendency of the lawsuit unless the injunction issues; (3) the threatened injury to the movant outweighs injury caused by the injunction to the nonmovant; and (4) the injunction would not adverse to the public interest." *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) *quoting Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (per curiam)*; Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407 (11th Cir. 1998); *Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431 (11th Cir. 1995). A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to *all* prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The court has carefully reviewed the plaintiff's motion, has carefully considered the evidence presented at the hearing and concludes that the plaintiff has demonstrated that it meets each of the prerequisites for the issuance of a preliminary injunction.

The plaintiff holds valid, federally registered trademarks and service marks for AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS®. Any product bearing these marks must be approved by Auburn University and licensed for sale or distribution. The court finds that after being duly notified of the plaintiff's trademarks, services marks and licensing requirements, the defendants infringed upon and will continue to infringe upon the plaintiff's marks by offering for sale and selling unlicensed orange and blue six finger foam hand novelty souvenirs bearing those marks unless enjoined by this Court. Consequently, the court concludes that the plaintiff has demonstrated a substantial likelihood of success on the merits, that the threat of irreparable injury exists, that the harm

suffered by the plaintiff would exceed the harm suffered by the defendants, and that it is in the best interest of the public not to be deceived or confused by any unauthorized use of Auburn's trademarks and service marks by the defendants. A separate memorandum opinion more fully explaining the court's findings and reasoning will issue within the next several days.

Accordingly, it is

ORDERED and ADJUDGED as follows:

1. That plaintiff Auburn University's motion for a preliminary injunction be and is hereby GRANTED.

2. That the defendants, Michael Moody and SIXFINGERYEAR.COM, and their officers, agents, servants, and employees, and all persons acting in conjunction with the defendants or at their direction, be and are, until further order of the court, RESTRAINED and ENJOINED from producing, manufacturing, marketing, distributing, selling or offering for sale, the unlicensed orange and blue six finger foam hand novelty souvenirs bearing, or which have ever borne, the AUBURN® and WAR EAGLE® marks as well as any other foam hand novelty product that contains any of Auburn's marks including AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS®.

3. That the defendants shall immediately remove all items and images of items from the SIXFINGERYEAR.COM website shopping cart that presently have affixed or have

ever had affixed to it any of the Auburn marks.[2]

4.     That the defendants shall on or before November 6, 2008, DELIVER to Auburn for safekeeping (1) their entire inventory of unlicensed orange and blue six finger foam hand novelty souvenirs bearing, or which have ever borne, the AUBURN® and WAR EAGLE® marks, as well as any other foam hand novelty product that presently has affixed or has ever had affixed to it, any of Auburn's marks including AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS® and (2) any and all advertising and promotional materials, signs, business cards or other material which contain the Auburn marks. Counsel for the plaintiff and the defendants shall confer and arrange a mutually agreeable method for the delivery.

5.     That the plaintiff shall retain all such items received in the condition in which they are received until further order of the court.

6.     That defendant Michael Moody shall cause to be PUBLISHED a corrective statement on the website SIXFINGERYEAR.COM specifically stating that the defendants are not now, nor have they ever been, licensed to sell merchandise bearing the Auburn trademarks and service marks.

7.     That in accordance with FED. R. CIV. P. 65(c), the plaintiff shall post a bond in the amount of $5,000 with the Clerk of Court by no later than close of business on

---

[2] Although Moody testified at the preliminary injunction hearing that he had removed the marks AUBURN® and WAR EAGLE® from the six finger orange hands featured on the website's shopping cart, when the image is enlarged those marks are still faintly visible. Consequently, any hand or image of a hand that bears or has ever borne the plaintiff's marks must be removed from the website's shopping cart.

Monday, November 3, 2008.  Said bond shall be posted during the duration of the preliminary injunction for "the payment of such costs and damages as may be incurred or suffered by" the defendants or other persons restrained by the preliminary injunction.  FED. R. CIV. P. 65(c).  Withdrawal of the bond, will automatically terminate the obligations of persons enjoined by said preliminary injunction.  The court will vacate the preliminary injunction should the Plaintiff fail to post the bond as ordered.

The Clerk of the Court is DIRECTED to issue a writ of injunction and the United States Marshal shall personally serve defendants Mike Moody and SIXFINGERYEAR.COM with a copy of this order.  The defendants' address of record is 1136 Beth Manor Drive, Montgomery, Alabama 36109.

Done this 30th day of October, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE