IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUBURN UNIVERSITY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  3:08cv796-CSC |
| ) | (WO) |
| MIKE MOODY and ) | |
| SIXFINGERYEAR.COM ) | |
| ) | |
|     Defendants. ) | |

**PERMANENT INJUNCTION**

This matter is now before the court on the Verified Complaint for Injunctive Relief filed by the plaintiff, Auburn University.  Auburn seeks declaratory, injunctive, and monetary relief against the defendants for trade and service mark infringements.  The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 2201 and 2202.

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.[1]  After an evidentiary hearing, and upon consideration of the evidence before the court and the arguments of counsel, the court concluded that the plaintiff's motion for preliminary injunction was due to be granted and entered an order restraining and enjoining the defendants, Michael Moody and sixfingeryear.com, and their

---

[1] At the hearing on the motion for a preliminary injunction, Moody testified that he "was sixfingeryear.com" and that he alone was responsible for the creation and maintenance of the website.
    The United States Magistrate Judge also explained to Moody that this case was assigned to a Magistrate Judge and he had the right to consent or request reassignment.  *See* Attached Explanation.  By submitting the requisite form, the parties have consented to a Magistrate Judge's jurisdiction.  *See* 28 U.S.C. § 636(c).

officers, agents, servants, and employees, and all persons acting in conjunction with the defendants or at their direction, from producing, manufacturing, marketing, distributing, selling or offering for sale, the unlicensed orange and blue six finger foam hand novelty souvenirs bearing, or which have ever borne, the AUBURN® and WAR EAGLE® marks as well as any other foam hand novelty product that contains any of Auburn's marks including AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS® until further order of the court. (Doc. # 16). On November 4, 2008, the court issued its memorandum opinion fully explaining its findings and reasoning. (Doc. # 23).

The parties have now informed the court that they agree and consent to the entry of the preliminary injunction as a permanent injunction in this case. *See* Docs. # 34, 37, 38, 39 & 40 and the conference held December 10, 2008.

Accordingly, it is

ORDERED and ADJUDGED as follows:

1. That plaintiff Auburn University's motion for a permanent injunction be and is hereby GRANTED; however, the court finds that exceptional circumstances as defined in *Burger King v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) do not exist and declines to award attorney fees.

2. That the defendants, Michael Moody and SIXFINGERYEAR.COM, and their officers, agents, servants, and employees, and all persons acting in conjunction with the defendants or at their direction, be and are PERMANENTLY RESTRAINED and ENJOINED from producing, manufacturing, marketing, distributing, selling or offering for

sale, the unlicensed orange and blue six finger foam hand novelty souvenirs bearing, or which have ever borne, the AUBURN® and WAR EAGLE® marks as well as any other foam hand novelty product that contains any of Auburn's marks including AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS®.

3. That the defendants shall not include any items or images of items on the SIXFINGERYEAR.COM website shopping cart that presently have affixed or have ever had affixed to it any of the Auburn University marks.[2]

4. That, defendant Mike Moody having represented to the Court that he has delivered to Auburn University the defendants' entire inventory of unlicensed orange and blue six finger foam hand novelty souvenirs bearing, or which have ever borne, the AUBURN® and WAR EAGLE® marks, as well as any other foam hand novelty product that presently has affixed or has ever had affixed to it, any of Auburn's marks including AUBURN®, WAR EAGLE®, AUBURN UNIVERSITY®, and AUBURN TIGERS®, plaintiff Auburn University may destroy or otherwise dispose of the items as it deems appropriate.

5. That, to the extent that they have not already done so, the defendants shall, on or before December 19, 2008, deliver to counsel for Auburn University any and all advertising and promotional materials, signs, business cards or other material which contain, or which have contained the AUBURN® and WAR EAGLE® marks. The plaintiff may

---

[2] Although Moody testified at the preliminary injunction hearing that he had removed the marks AUBURN® and WAR EAGLE® from the six finger orange hands featured on the website's shopping cart, when the image is enlarged those marks are still faintly visible. Consequently, any hand or image of a hand that bears or has ever borne the plaintiff's marks must be removed from the website's shopping cart.

thereafter destroy or otherwise dispose of the items as it deems appropriate.

6. That defendant Michael Moody shall PUBLISH and MAINTAIN a corrective statement on the website SIXFINGERYEAR.COM specifically stating that the defendants are not now, nor have they ever been, licensed to sell merchandise bearing the Auburn trademarks and service marks.

7. That the $5,000 bond, posted with the Clerk of Court in accordance with FED. R. CIV. P. 65(c), be and is hereby RELEASED to Auburn University.

The Clerk of the Court is DIRECTED to issue a writ of injunction and the United States Marshal shall personally serve defendants Mike Moody and SIXFINGERYEAR.COM with a copy of this permanent injunction. The defendants' address of record is 1136 Beth Manor Drive, Montgomery, Alabama 36109.

Done this 11th day of December, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE